## SEVA BROWN *vs.* GEORGE MOOERS.

The declarations of a workman, who is still living and a competent witness, as to the ownership of personal property on which he is employed, made in the employer's absence, are not admissible in evidence against the employer.

Proof that a witness had made material false statements, which are relied on as proving him unworthy of credit, will not authorize the party calling him to introduce evidence of his general reputation for truth.

ACTION OF TORT for the conversion of a quantity of hoop poles. The defendant justified on the ground that he took them as a constable upon mesne process as the property of Gardner Shaw. At the trial in the court of common pleas, before *Mellen*, C. J., the only question submitted to the jury was whether the plaintiff had any title in the property.

Shaw, being called as a witness for the plaintiff, testified that he was employed by him to cut and manufacture these hoop poles on the plaintiff's land, and prepared them for hoops for powder kegs at the plaintiff's house during the winter of 1853–4. Another witness for the plaintiff testified that during that winter he saw Shaw at the plaintiff's house, shaving powder keg hoops. The plaintiff offered to prove that this witness asked Shaw what he was doing, and that Shaw replied that he was shaving hoops for the plaintiff. But the judge rejected the evidence.

The defendant's counsel, in opening his case to the jury, stated

that he expected to prove that Shaw had made various contra-dictory statements, and had in one or more instances made material statements which he must have known to be untrue; and claimed that, if the jury so believed, they would give no credit to any part of his testimony, unless corroborated; and called several witnesses to prove that Shaw had made various contradictory statements. To rebut this evidence, the plaintiff offered to prove that the general reputation of Shaw for truth and veracity was good. But the judge refused to admit the evidence.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. Vose*, for the plaintiff. 1. The declaration of Shaw, accompanying the act in which he was engaged, was admissible as part of the *res gestæ*. The act was admissible in evidence, and the declaration illustrated its character, and derived its credit, to some extent, from the act itself. 1 Greenl. Ev. § 108. *Hadley* v. *Carter*, 8 N. H. 40. *Pool* v. *Bridges*, 4 Pick. 378. *Allen* v. *Duncan*, 11 Pick. 308. *Lund* v. *Tyngsborough*, 9 Cush. 36.

2. Evidence to support the general reputation of Shaw for truth was admissible; the object and effect of the defendant's evidence having been to discredit him generally, and not to show him in error as to any particular statement. 1 Greenl. Ev. § 469. *Russell* v. *Coffin*, 8 Pick. 143.

*R. A. Chapman & F. Chamberlin*, for the defendant.

THOMAS, J. 1. The declaration of Shaw was rightly excluded. It was the declaration of one still living, and who was not only a competent witness, but actually present at the trial, and testifying upon the subject matter to which the declaration is alleged to relate. Made in the country, without the sanction of an oath, it is inadmissible, unless it falls within some of the exceptions to the rule excluding hearsay testimony. The plaintiff says, it was competent as a declaration accompanying and qualifying and giving character to an act. The answer is, that the act itself is immaterial, and that the incident falls with the principal. *Lund* v. *Tyngsborough*, 9 Cush. 36. *Coit* v. *Howd*, 1 Gray, 547 *Bradley* v *Spofford*, 3 Foster, 444

2. The evidence as to the general character of Shaw for truth was not competent. His general character had not been impeached. The case of *Russell* v. *Coffin*, 8 Pick. 143, cited by the plaintiff, is directly against him on the precise point at issue. See pp. 146, 154. The statement in 1 Greenl. Ev. § 469, is not sustained by the case the author cites of *Rex* v. *Clark*, 2 Stark. R. 241, and is not law. *Exceptions overruled.*